IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 08-167 |
| ) | |
| LARRY CRANSTON BROOKS, ) | |
| ) | |
| Defendant ) | |

O R D E R

AND NOW, this 30th day of September, 2020, upon consideration of Defendant Larry Cranston Brooks' Motion for Compassionate Release (Doc. No. 124), filed in the above captioned matter on April 27, 2020, and brief in support thereof (Doc. No. 126), filed on May 12, 2020, and in further consideration of the Government's response thereto (Doc No. 128), filed on June 4, 2020, as well as Defendant's replies (Doc. Nos. 129, 130, 131), filed on June 12, 2020, June 29, 2020, and July 24, 2020, respectively,

IT IS HEREBY ORDERED that said Motion is GRANTED.  Defendant's term of imprisonment is hereby reduced to TIME SERVED.  All other conditions of the sentence imposed on April 9, 2009, shall remain in full force and effect.  The United States Bureau of Prisons ("BOP") and United States Probation Office are instructed to work to facilitate Defendant's release from custody as soon as practicable.

On October 16, 2008, Defendant was convicted of conspiracy to distribute and possess with the intent to distribute less than 100 grams of heroin, in violation of 21 U.S.C. § 846.  On

1

April 9, 2009, this Court sentenced Defendant to a term of imprisonment of 210 months and a term of supervised release of 3 years. Defendant appealed his conviction and sentence, and on November 9, 2009, the Third Circuit Court of Appeals affirmed the judgment of this Court. Defendant subsequently attempted to challenge his conviction and sentence through various collateral means, all of which were either denied or voluntarily dismissed. Defendant now seeks "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A), based on his medical conditions in light of the COVID-19 virus outbreak. For the reasons stated below, the Court will grant the motion and reduce Defendant's term of imprisonment to time served.

A district court's authority to modify a sentence in a criminal case that has become final is very limited. See Dillon v. United States, 560 U.S. 817, 819 (2010); United States v. Ponton, 407 Fed. Appx. 622, 624 (3d Cir. 2011); United States v. Russell, 573 Fed. Appx. 153, 154 (3d Cir. 2014). Section 3582 provides one such source of authorization. This statute was amended by the First Step Act, Pub. L. 115-391, 132 Stat. 5194, to permit an inmate to file a motion for compassionate release with the sentencing court if certain conditions are met. Specifically, Section 3582(c)(1)(A) now provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction, … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).  Defendant's request was submitted to the warden of the facility at which he is incarcerated – FCI-Ashland, Kentucky – on March 29, 2020, and it was denied on April 28, 2020.  Accordingly, there has been a lapse of 30 days from the date the warden received Defendant's request for compassionate release.  Indeed, there is no dispute between the parties that Defendant has met the procedural requirements of Section 3582(c)(1)(A).

Defendant's request is premised on the fact that he has multiple health conditions that place him at a particularly serious risk of serious consequences from the COVID-19 virus. Specifically, he asserts that he has been diagnosed with type II diabetes which is uncontrolled and which has been identified by the Center for Disease Control ("CDC") as putting him at a higher risk for serious illness or death should he contract COVID-19.  He contends that his hypertension providers another risk factor for serious impact from the virus.  He argues that his unique vulnerability to the virus constitutes the type of extraordinary and compelling reasons that would warrant compassionate release.[1]  For the reasons discussed below, the Court agrees.

---

[1] Section 3582 itself does not define the term "extraordinary and compelling reasons." Rather, Congress left it to the United States Sentencing Commission to define the term. See 28 U.S.C. § 994(t) (stating that the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). The Sentencing Commission has defined "extraordinary and compelling" pursuant to the Application Notes to USSG § 1B1.13, but has not updated this policy statement since the enactment of the First Step Act.  "[A] majority of district courts have concluded that the 'old policy statement provides helpful guidance, [but]...does not constrain [a court's] independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3852(c)(1)(A).'" United States v. Rodriguez, 451 F.Supp.3d 392, 397 (E.D. Pa. 2020) (quoting United States v. Beck, 425 F.Supp.3d 573, 582 (M.D.N.C.

The Third Circuit Court of Appeals has recently held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  See also United States v. Roeder, 807 Fed. Appx. 157, 161 n.16 (3d Cir. 2020).  Moreover:

> Over the past few months, district courts in both the pretrial and civil detention contexts likewise have opined that a generalized fear of the virus reaching a given institution is not a proper basis for release. See Ndir v. Doll, No. 1:20-CV-705, ––– F. Supp. 3d –––, –––, 2020 WL 2306761, at *5 (M.D. Pa. May 8, 2020) (Conner, C.J.) (collecting cases in civil immigration detainee context); D.M. v. Barr, No. 20-4031, 2020 WL 1969893, at *5 (D.N.J. Apr. 24, 2020) (same); United States v. Anderson, No. 1:19-CR-239, 2020 WL 1953612, at *4, 5 (M.D. Pa. Apr. 23, 2020) (same in pretrial detention context). In other words, something more than a generalized concern regarding COVID-19 is required.

United States v. Stallings, No. 1:12-CR-37, 2020 WL 3619071, at *3 (M.D. Pa. July 2, 2020).  See also United States v. Davidson, No. 2:16-CR-00139-2, 2020 WL 4877255, at *19 (W.D. Pa. Aug. 20, 2020); United States v. Andrews, No. CR 05-280-02, 2020 WL 4812626, at *13 (E.D. Pa.

---

2019)).  This Court, though, need not address the issue of whether it is still restricted to defining extraordinary and compelling reasons consistent with the existing language in Section 1B1.13. Even assuming the Court is so restricted, the Application Notes to Section 1B.13 provide that sufficient extraordinary and compelling reasons exist where "the defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG 1B1.13, App. Note 1(A)(ii)(I).  The Court's findings herein are based on and consistent with this reason.

Aug. 19, 2020).  This Court agrees with the consensus position that the COVID-19 pandemic itself does not constitute an extraordinary and compelling reason that would independently justify release pursuant to Section 3582(c)(1)(A).

However, while the mere existence of the COVID-19 virus may not warrant compassionate release, courts have, in determining whether to grant relief under Section 3582(c)(1)(A), considered whether the defendant's medical conditions, as exacerbated by the ongoing COVID-19 pandemic, rise to an "extraordinary and compelling" level, such that release could be warranted. See United States v. Iezzi, No. 2:17-CR-00157, 2020 WL 4726582, at *8 (W.D. Pa. Aug. 14, 2020); Andrews, 2020 WL 4812626, at *13; United States v. Brinson, CR 15-87, 2020 WL 4736258, at **3-4 (W.D. Pa. Aug. 14, 2020).  The Court finds here that Defendant's medical conditions do rise to such a level.  Type II diabetes, which Defendant has and which is uncontrolled, has been identified by the CDC as putting one at an increased risk for severe illness from COVID-19.  The CDC has also identified hypertension, another of Defendant's conditions, as a possible risk factor for severe illness.  See People with Certain Medical Conditions, Centers for Disease Control & Prevention (last updated Sept. 11, 2020), https://bit.ly/2CrTAqa.  Defendant's health concerns are not just theoretical; he is very much at risk should he come into contact with the virus.  Moreover, his ability to provide self-care such as social distancing and self-isolation is very limited in the prison environment.  Indeed, courts dealing with motions from inmates with similar conditions, including type II diabetes, have found that these conditions, in combination with the COVID-19 outbreak, constitute extraordinary and compelling factors pursuant to Section 3582(c)(1)(A).  See, e.g., United States v. Paz, No. CR 92-172, 2020 WL 3958481 (D. N.J. July 10, 2020); United States v. Collier, No. 2:14-CR-00051, 2020 WL 4207670

(W.D. Pa. July 22, 2020); United States v. Pabon, No. CR 17-165-1, 2020 WL 2112265 (E.D. Pa. May 4, 2020).

The Government does not really dispute the nature of Defendant's medical conditions. Rather, it argues that, despite Defendant's medical conditions, there are no extraordinary and compelling reasons for release because there have been very few occurrences of COVID-19 at the facility at which Defendant is incarcerated – FCI-Ashland. Indeed, as of when the Government filed its response, there had been no incidents of COVID-19 at the facility. However, that is no longer the case. While not hit as hard as some other federal facilities, there are now two active cases being reported involving inmates at FCI-Ashland. There have been nine other cases in which an inmate or staff member contracted the virus but recovered. See www.bop.gov/coronavirus (last visited Sept. 30, 2020). Again, while the condition there is not as dire as it has been elsewhere, FCI-Ashland has in no way been immune from the virus.[2] The mere fact that there have been cases at the facility alone may not warrant compassionate release, see United States v. Thornton, No. CR 2:18-167-1, 2020 WL 4368155, at *4 (W.D. Pa. July 29, 2020) ("[T]he existence of the virus in a prison . . . is not sufficient to establish extraordinary and compelling circumstances without some proof that the defendant is at more severe risk for infection than his fellow inmates.") (quoting United States v. Rutley, No. 17-CR-56-PP, 2020 WL 4040729, at *7 (E.D. Wis. July 17, 2020)), but the fact that there have been cases, when coupled with Defendant's serious health conditions, is enough to convince the Court that extraordinary and

---

[2] The fact that the situation at FCI-Ashland changed during the pendency of this motion, in fact, shows how quickly the situation at any federal facility can change in regard to the pandemic.

compelling reasons exist justifying relief pursuant to Section 3582(c)(1)(A).  See United States v. Butler, No. 10-612, 2020 WL 5369754, at *3 (E.D. Pa. Sept. 8, 2020).

There remains an additional step before the Court can grant Defendant the relief he seeks.  "[B]efore granting compassionate release, a district court must 'consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'"  United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting Section 3582(c)(1)(A)).  "In considering the section 3553(a) factors, [the Court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." United States v. Bess, No. 16-cr-156, 2020 WL 1940809, at *10 (W.D.N.Y. Apr. 22, 2020).  The decision "whether to reduce an eligible defendant's term of incarceration for compassionate release after considering the § 3553(a) factors is committed to the discretion of the [district court]."  United States v. Jones, Crim. No. 1:12-38, 2020 WL 3871084, at *4 (W.D. Pa. July 8, 2020).

The Court finds here that the Section 3553(a) factors warrant release pursuant to Section 3582(c)(1)(A).  The Court first notes that Defendant was convicted in this case twelve years ago.  According to BOP records, his estimated release date is March 14, 2023, meaning he has served all but two and a half years of the 210-month sentence of imprisonment imposed by this Court.  The Third Circuit has indicated that the length of the defendant's original sentence, and the amount of time served and remaining on that sentence, are relevant in considering the Section 3553(a) factors.  See Pawlowski, 967 F.3d at 331.  The Court further notes that during his lengthy incarceration, Defendant has had only one minor disciplinary incident, and that was ten years ago.  He has completed a great deal of educational and rehabilitative programs, and his work reviews

have consistently been average to above average. Indeed, it is noteworthy that Defendant has not lost any good time credit while imprisoned.

The Court is cognizant that the original offense of conviction was based on serious and dangerous conduct. However, Defendant himself was not a particularly central member of the larger conspiracy and received no enhancement under the Sentencing Guidelines for his role in the offense. Likewise, his criminal history, while quite serious, is not out of proportion to that of a typical defendant with a criminal history category of VI pursuant to the Guidelines. Indeed, most of Defendant's more serious criminal conduct occurred approximately 30 years ago when he was relatively young. Considering Defendant's comparatively exemplary behavior while incarcerated, the Court finds that this remote criminal history is not indicative of someone who continues to present a danger to others or to the community.[3]

Accordingly, the Court finds that compassionate release is warranted pursuant to Section 3582(c)(1)(A). Defendant's motion is therefore granted.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record

---

[3] Allowing for compassionate release is therefore also consistent with Section 1B1.13's requirement that a sentence may only be reduced if "[t[he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG 1B1.13(2).